UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LOUBNA ROCHDI,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, LOUBNA ROCHDI, is a citizen of Florida.

2. Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

    a. Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Liberty*.

6. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Liberty* ("the vessel").

9. On or about March 16, 2024[1], Plaintiff was a paying passenger on the vessel, which was in navigable waters.

10. On or about March 16, 2024, while aboard the vessel, the Plaintiff slipped and fell on a wet and/or slippery floor on the lido deck as she was entering the buffet area and suffered serious injury.

---

[1] Per agreement between the parties, the statute of limitations was extended until June 13, 2025.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

13. On or about March 16, 2024, the Plaintiff was on the lido deck buffet area aboard Defendant's vessel, which is a place that Plaintiff was invited by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

14. On or about March 16, 2024, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn the Plaintiff of the wet, dirty, and/or slippery condition of the subject area, including but not limited to food/drink spillage or soap-like film left by inadequate cleaning, humidity and/or weather conditions; and/or

   b. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet, dirty, and/or slippery condition of the subject area, including but not limited to hazardous coefficient of friction in light of the wet, dirty, temperature, and/or slippery condition of the flooring surface; and/or

   c. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet and/or slippery floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

16. Prior to the subject incident, Defendants knew and/or should have known of the dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Defendant's knowledge of the dangerous condition was, or should have been acquired for reasons that include, but were not limited to:

   a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, employees of Defendant were present at and/or near the subject area and/or were actively monitoring same for slipping and/or tripping hazards, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries;

   b. As per Defendant's policies and procedures, Defendant's employees and/or crewmember did or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant's employees and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries.

17. At all times material hereto, Defendant knew or should have known of the dangerous conditions causing Plaintiff's injuries. In addition to the circumstances above, Defendant's knowledge was or should have been acquired through prior incident(s) involving passengers slipping and falling on unreasonably wet and/or slippery and/or dirty flooring in Lido deck buffet areas throughout its fleet. *See Braxton v. Carnival Corp.*, Case No. 25-cv-22194-CMA (S.D. Fla. 2025); *Brown v. Carnival Corp.*, Case No. 23-cv-23684-CMA (S.D. Fla. 2023); *Fajardo v. Carnival Corp.*, Case No. 1:23-cv-21468-RKA (S.D. Fla. 2023); *Gallagher v. Carnival Corp.,* 23-cv-22430-RNS (S.D. Fla. 2023); *Salas v. Carnival Corp.,* Case No.: 20-CV-24836-KMW (S.D. Fla. 2022); *Green v. Carnival Corp.,* 614 F. Supp. 3d 1257 (S.D. Fla.

2022); *Holley v. Carnival Corp.*, 570 F. Supp. 3d 1220 (S.D. Fla. 2021); *Strickland v. Carnival Corp.*, Case No. 20-cv-24887 (S.D. Fla. 2020).

18. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

19. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. At all times material hereto, it was the duty of Defendant to maintain the lido deck buffet area in a reasonably safe condition.

21. On or about March 16, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

  a. Failure to adequately and regularly inspect the subject area to determine whether it was unreasonably wet and/or slippery; and/or

  b. Failure to maintain the surface of the subject area in a reasonably safe condition in light of the anticipated use of the area; and or

    c. Failure to maintain the surface of the subject area by affixing anti-slip material and/or flooring; and/or

    d. Failure to maintain the surface of the lido deck in a reasonably safe condition if/when the buffet area floor became wet, or too slippery, including, but not limited to, closing off the buffet areas that were dangerously slippery, placing signage to caution passengers of hazardous areas, and or directing passengers to safe areas during the process of clean up; and/or

    e. Failing to properly clean the subject floor in accordance with Carnival's own policies and procedures; and/or

    f. Failing to remove the slippery film of a greasy substance that covered the floor where the Plaintiff fell.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the lido deck buffet area.

23. Prior to the subject incident, Defendants knew and/or should have known of the dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Defendant's knowledge of the dangerous condition was, or should have been acquired for reasons that include, but were not limited to:

    a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, employees of Defendant were present at and/or near the subject area and/or were actively monitoring same for slipping and/or tripping hazards, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries;

    b. As per Defendant's policies and procedures, Defendant's employees and/or crewmember did or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant's employees and/or its crewmembers

  reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries.

 24. At all times material hereto, Defendant knew or should have known of the dangerous conditions causing Plaintiff's injuries. In addition to the circumstances above, Defendant's knowledge was or should have been acquired through prior incident(s) involving passengers slipping and falling on unreasonably wet and/or slippery and/or dirty flooring in Lido deck buffet areas throughout its fleet. *See Braxton v. Carnival Corp.*, Case No. 25-cv-22194-CMA (S.D. Fla. 2025); *Brown v. Carnival Corp.*, Case No. 23-cv-23684-CMA (S.D. Fla. 2023); *Fajardo v. Carnival Corp.*, Case No. 1:23-cv-21468-RKA (S.D. Fla. 2023); *Gallagher v. Carnival Corp.,* 23-cv-22430-RNS (S.D. Fla. 2023); *Salas v. Carnival Corp.,* Case No.: 20-CV-24836-KMW (S.D. Fla. 2022); *Green v. Carnival Corp.,* 614 F. Supp. 3d 1257 (S.D. Fla. 2022); *Holley v. Carnival Corp.*, 570 F. Supp. 3d 1220 (S.D. Fla. 2021); *Strickland v. Carnival Corp.*, Case No. 20-cv-24887 (S.D. Fla. 2020).

 25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

  **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

- 8 -

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. On or about March 16, 2024, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly inspect the subject area for wet, dirty, and/or slippery conditions; and/or

   c. Failure to adequately and regularly inspect the subject area for food/drink spillage or soap-like film left by inadequate cleaning; and/or

   d. Failure to adequately and regularly monitor the subject area to maintain it free of wet, dirty, and/or slippery conditions, including but not limited to food/drink spillage; and/or

   e. Failure to regularly and adequately clean the subject area; and/or

   f. Failure to close off and/or place warning signs on or around the wet, dirty, and/or slippery areas around the buffet area; and/or

   g. Failure to correct hazardous conditions following other slip and fall accidents on the same area and/or same flooring surface; and/or

   h. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck; and/or

    i. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

    j. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

    k. Failure to promulgate and/or enforce adequate procedures with regard to food/drink spills aboard the ship; and/or

    l. Failure to have adequate staff monitoring areas of the ship where food/drink consumption was permitted; and/or

    m. Failure to have adequate staff monitoring areas of the ship where food/drink was distributed; and/or

    n. Failure to promulgate and/or enforce adequate procedures to keep the subject flooring area free of liquids and/or debris, including food/drink spillage, or soap-like film; and/or

    o. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

29. Prior to the subject incident, Defendants knew and/or should have known of the dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Defendant's knowledge of the dangerous condition was, or should have been acquired for reasons that include, but were not limited to:

    a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, employees of Defendant were present at and/or near the subject area and/or were actively monitoring same for slipping and/or tripping hazards, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries;

    b. As per Defendant's policies and procedures, Defendant's employees and/or crewmember did or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant's employees and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries.

30. At all times material hereto, Defendant knew or should have known of the dangerous conditions causing Plaintiff's injuries. In addition to the circumstances above, Defendant's knowledge was or should have been acquired through prior incident(s) involving passengers slipping and falling on unreasonably wet and/or slippery and/or dirty flooring in Lido deck buffet areas throughout its fleet. See *Braxton v. Carnival Corp.*, Case No. 25-cv-22194-CMA (S.D. Fla. 2025); *Brown v. Carnival Corp.*, Case No. 23-cv-23684-CMA (S.D. Fla. 2023); *Fajardo v. Carnival Corp.*, Case No. 1:23-cv-21468-RKA (S.D. Fla. 2023); *Gallagher v. Carnival Corp.,* 23-cv-22430-RNS (S.D. Fla. 2023); *Salas v. Carnival Corp.,* Case No.: 20-CV-24836-KMW (S.D. Fla. 2022); *Green v. Carnival Corp.,* 614 F. Supp. 3d 1257 (S.D. Fla. 2022); *Holley v. Carnival Corp.*, 570 F. Supp. 3d 1220 (S.D. Fla. 2021); *Strickland v. Carnival Corp.*, Case No. 20-cv-24887 (S.D. Fla. 2020).

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of

Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: June 10, 2025

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorney for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1776
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Marc E. Weiner*
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com